## Harrison Estate

*Robert O. Butler*, for accountant.

*James L. Price*, Special Assistant Attorney General, for Commonwealth.

*James L. Atkins*, for legatee.

MACELREE, P. J., September 29, 1966.—Decedent, an unremarried widow, leaving to survive her neither spouse nor issue nor adopted children, died January 30, 1965, leaving a holographic will dated September 12, 1962, which was duly probated, and upon which letters testamentary were granted February 9, 1965. . . .

The controversial provision in the will is as follows: "My cousin Clara Lammey Byerly an annuity of Five thousand ($5000.00). My cousin Helen Byerly Dunlap an annuity of Five thousand ($5000.00) (annuities to be with the Methodist Home for the aged at Cornwall Pa if possible)".

Counsel for accountant has submitted the following questions:

1. Whether the Methodist Church Home at Corn-

wall, Pa., can furnish an annuity effective to accomplish the intentions of petitioner's decedent.

2. Whether, if the first question is answered in the negative, an annuity designating the Methodist Church Home at Cornwall, Pa., as a beneficiary in the event of the death of annuitant can, with or without the consent of annuitant, be purchased from a private corporation.

3. Whether, if the first two questions are answered in the negative, an annuity designating the beneficiary named by annuitant can, consistently with the intentions of decedent, be purchased from a private corporation.

4. Whether, in the event the first three questions are answered in the negative, this provision of decedent's will constitutes a bequest to or confers any rights upon the party furnishing the annuity.

5. Whether, if the first three questions are answered in the negative and the fourth question is answered in the affirmative, some different charitable institution can be designated by the court to furnish the subject annuities.

Notice having been given to the Attorney General of the Commonwealth, said officer has seen fit, through his designated deputy, to become a party to the proceeding in his capacity of parens patriae.

Although this court has some question in its mind as to whether under the factual situation said Attorney General is an indispensable party to this proceeding, in the opinion of this court, the basic question to be determined is: what did decedent intend by the language that she used?

### FINDINGS OF FACT

1. The proper corporate name of the institution stated in the will as "Methodist Home for the aged, at Cornwall, Pa." is "The Methodist Church Home in Cornwall".

2. Said "Methodist Church Home in Cornwall" is not authorized under the statutory provisions existing in the Commonwealth of Pennsylvania to grant and dispose of annuities.

## DISCUSSION

Decedent's reference in her will to the effect that "(annuities to be with the Methodist Home for the aged at Cornwall, Pa. if possible)" complicates the problem submitted to the court.

There are numerous types of annuity contracts purchasable. "The attributes of an annuity contract in Pennsylvania are separate and distinct from those of insurance contracts. In the case of ordinary annuities, nothing remains to pass at the annuitant's death. However, if the parties contract that if the annuitant die before receiving the total the balance shall pass to his beneficiary, there is a transfer of property at the instant of death": St. Pierre v. Heim, 39 Erie 166, 173.

As noted by Mr. Justice Stern, in Commonwealth v. Beisel, 338 Pa. 519, 521: " 'Annuity' is a term somewhat loosely used in financial and legal nomenclature and is perhaps incapable of exact definition. Generally speaking, it designates a right—bequeathed, donated or purchased—to receive fixed, periodical payments, either for life or a number of years. Its determining characteristic is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived".

Mr. Justice Benjamin R. Jones, in Dwight Estate, 389 Pa. 520, 525, pointed out: "The term 'annuity' is difficult of definition. The classic definition of an 'annuity' is that of Sir Edward Coke: Coke, whose definition has, substantially, been adopted by all the text writers, . . . says . . . 'an annuity is a yearly payment of a certain sum of money granted to another in fee for life, or years, charging the person of the

grantor only' . . . At common law a yearly sum charged on the person of the grantor was an 'annuity'; however, an annual payment charged on land was a 'rent charge' and a sum payable annually by trustees was not an 'annuity' ".

Further, Mr. Justice Jones points out: "It must be recalled that the common law 'annuity' was created not by will, but rather by deed or by contract: therefore, the classic definition of an 'annuity' does not encompass an 'annuity' created by a will or trust. . . .

"One of the difficulties encountered in defining an 'annuity' is the fact that the meaning of the word is so often confused with the method or source of its payment. . . . There is no magic in the word 'annuity,' although some courts attach to the definition of an 'annuity' the method for or the source of its payment".

In view of the difficulty experienced by our highest appellate court in defining "annuity", it is quite difficult for this court to determine exactly what a layman had in mind in using the word.

As used in the will of decedent, this court is of opinion that the annuities provided in decedent's will were the rights to receive fixed periodical payments, either for life or a number of years, which the sum of $5,000 in each instance would purchase.

Putting ourself in the armchair of testatrix, it is reasonably clear that testatrix intended that her cousin, Clara Lammey Byerly, should be the annuitant to the extent that $5,000 would purchase, and that her cousin, Helen Byerly Dunlap, should be a similar annuitant.

Whether decedent contemplated that the Methodist Home for the Aged at Cornwall, properly "The Methodist Church Home in Cornwall", should be the recipient of any balance of a single premium payment, undistributed during the lifetimes of the annuitants, is most difficult to determine.

At argument of this matter, as we understand the suggestions advanced by the Special Deputy Attorney General, it was to the effect that this particular charitable institution might have a contingent interest.

On such a basis of a possible contingent interest, the three parties in interest, to wit: Clara Lammey Byerly, annuitant; Helen Byerly Dunlap, annuitant; and the Methodist Church Home in Cornwall, had reached a tentative agreement, subject to approval by this court, that from the lump sum payments of $5,000 in each instance the Methodist Church Home in Cornwall, should receive $500, and in each instance, annuitant should receive the sum of $4,500 in a lump payment.

In Pennsylvania, so called "Family Agreements" are favored.

In the subject estate, in the opinion of this court, approval of such a "Family Agreement" does not do violence to the intention of testatrix.